IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 08-98 |
| | ) | |
| JEROME BROWN | ) | |

MEMORANDUM

Gary L. Lancaster,
District Judge.                                   May _14_, 2009

Before the court are two motions by defendant Jerome Brown. The first is a motion to suppress or exclude electronic surveillance evidence. [Doc. No. 43]. The second is a motion to dismiss for pre-indictment delay. [Doc. No. 45]. The court held a pre-trial hearing on April 30, 2009 and orally denied both motions. The following is the court's reasoning for denying the motions.

I.  Motion to Suppress

Defendant moves the court to suppress electronic recordings the government intends to introduce in the above matter. Defendant has standing to present this motion. The record establishes that the government used a confidential informant to obtain the recordings and that during the investigatory stages of this case, the informant was a party to recorded conversations with defendant. The principal issue presented by the motion is whether the informant consciously, freely and/or independently consented to

the recordings in question. Because the credible evidence establishes that she did, defendant's motion to suppress has been denied.

### A. Findings of Fact

Task Force Officers Michael Warfield and James Hensell of the Drug Enforcement Administration testified at the suppression hearing. The court finds each of them to be a credible witness.

Prior to July 17, 2006, the confidential informant approached agents in the Drug Enforcement Administration with her willingness to participate in its drug crime investigations. She did so in hopes that her cooperation would aid her husband in receiving a reduced sentence on his conviction of drug crimes. Before assisting in the investigation of defendant, the confidential informant orally agreed to having her conversations recorded and monitored. She also signed a confidential source agreement with the Drug Enforcement Administration acknowledging that her conversations could be recorded or monitored. At no time thereafter did the confidential informant attempt to withdraw from cooperating with agents or express an unwillingness to cooperate.

On July 17, 2006, Trooper Warfield met with the confidential informant first at a McDonald's restaurant and then at her home. While at her home, Trooper Warfield assembled the following electronic recording devices: (1) a telephone recorder,

2

(2) a digital audio recorder, and (3) a lamp camera. The equipment allowed law enforcement officers to monitor and record events as they occurred. At all times, the confidential informant knew that Trooper Warfield was assembling these electronic recording devices and at no time did the confidential informant ask him to stop.

Specifically, Trooper Warfield asked the confidential informant to place a recorder in her ear and to give Trooper Warfield her cell phone number for purposes of installing a device to record her cell phone conversation with defendant. The confidential information complied with no objections. Trooper Warfield also asked the confidential informant to place a digital audio tape recorder on her person. Again, the confidential informant complied with no objections. The confidential informant watched Trooper Warfield install a lamp camera in her living room. The confidential informant observed Trooper Warfield setting up the lamp camera and participated in the placement of the lens to capture certain areas of the room.

Thereafter, the confidential informant made the recorded telephone call to defendant and met him at her home. These contacts are the subjects of the contested electronic surveillance evidence at issue in defendant's motion to suppress.

B. Conclusions of Law

Title III of the Omnibus Crime Control and Safe Streets

Act of 1968, 18 U.S.C. §§ 2510-2520, prohibits the admission of evidence gathered by the unlawful interception of a wire or oral communication. The Act provides, however, that it is not unlawful for a person acting under color of law to intercept a wire or oral communication, where one of the parties to the communication has given prior consent to such interception. 18 U.S.C. §2511(2)(c). The burden of proving consent is on the government. United States v. Matlock, 415 U.S. 164, 177 (1974). Such proof need not consist of testimonial evidence. The burden also can be met by circumstantial evidence showing that an informant placed the telephone call knowing that the call would be recorded. United States v. Davis, 799 F.2d 1490, 1492 (11th Cir. 1986); see also United States v. Kelly, 708 F.2d 121, 125 (3d Cir. 1983) (explaining that "consent will be considered voluntary if, from the totality of the circumstances, the trial court determines that the party agreeing to a wiretap did so consciously, freely, and independently and not as the result of a coercive overbearing of his will").

Here, the confidential informant approached government agents about participating in an investigation against defendant and expressed no unwillingness to cooperate. She orally agreed to have her conversations taped and monitored and also signed a written agreement stating the same. The confidential informant then met with agents who installed audio and video recording

4

equipment on her person and in her home for the purposes of obtaining electronic surveillance of defendant. The confidential informant knew at all times that her interactions with defendant would be recorded and/or monitored and she expressed no concerns or objections to the surveillance.

Hence, the evidence does not suggest that the confidential informant's participation in the recording and monitoring of conversations was either unknowing or involuntary. Defendant's motion to suppress [doc. no. 43] was therefore DENIED.

## II. Motion to Dismiss for Pre-Indictment Delay

Defendant moves the court to dismiss the indictment against him because he alleges that the government delayed in indicting him in violation of the Due Process Clause of the Fifth Amendment. Defendant complains that even though the alleged offense occurred on July 17, 2006, the indictment against him was not returned until February 27, 2008, over 19 months later.

Although the statute of limitations is the primary safeguard against the filing of stale criminal charges, the Due Process Clause also "protect[s] against oppressive delay." United States v. Lovasco, 431 U.S. 783, 789 (1977). The Due Process Clause requires dismissal if the defendant shows that: (1) the government intentionally delayed in bringing the indictment to obtain a strategic advantage against defendant or to harass him,

and (2) this delay caused defendant to suffer some actual prejudice. United States v. Marion, 404 U.S. 307, 324-25 (1971); United States v. Beckett, 208 F.3d 140, 150-51 (3d Cir. 2000) (citing Lovasco, 431 U.S. at 789-90, 795-96).

In his motion, defendant argues that the government "waited until the husband of its informant had been convicted of a crime in order to use that conviction to persuade the unwilling informant to then be 'willing' to testify that her participation was 'voluntary' ... ." [Doc. No. 45 at ¶ 5]. Defendant asserts that this delay constitutes a "deliberate or reckless effort to obtain a strategic advantage that has prejudiced [him] in violation of [the Due Process Clause]." Id. Defendant also asserts that the delay prejudiced him because he was unable to obtain release on bond after his indictment as he was arrested three times in the time period between the alleged offense and his indictment.

We find that defendant's arguments that the government deliberately delayed his indictment and that he is now prejudiced to be entirely speculative. Defendant has failed to set forth any evidence that the government deliberately delayed his indictment. Moreover, we note that prosecutors are under no duty to file charges before their investigations are complete, Lovasco, 431 U.S. at 791, and that the government filed this indictment within the applicable statute of limitations period. Defendant's allegations of prejudice also lack support. There is no evidence that

defendant would have obtained pre-trial release if the indictment had been filed earlier. Similarly, there is no evidence that the confidential informant was uncooperative at any time, including before her husband was convicted.

Defendant's speculative allegations of intentional delay and resulting prejudice are not sufficient to invoke the protections of the Due Process Clause. Accordingly, defendant's motion to dismiss for pre-indictment delay was therefore DENIED.

III. Conclusion

For the foregoing reasons, defendant's motion to suppress or exclude electronic surveillance evidence [doc. No. 43] and motion to dismiss for pre-indictment delay [doc. No. 45] were DENIED.

BY THE COURT:

_____, J.

cc: All counsel of record