IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 08-0098 |
| | ) |
| JEROME BROWN, | ) |
| Defendant. | ) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                                July 29, 2009

          Before the court is the government's motion in limine

requesting admission of other evidence of the contents of a video

tape due to destruction of original evidence [doc. no. 61].   The

government requests that it be permitted to offer the testimony of

government agents who viewed a video tape prior to the tape's

inexplicable destruction to prove its contents.   The court held an

evidentiary hearing on July 13, 2009 regarding the circumstances of

the destruction of the video tape.   The government's motion in

limine will be denied for the following reasons.   In turn, the

defendant's companion motion in limine to exclude the same evidence

[doc. no. 73] will be granted.

          I.   Findings of Fact

          Task Force Officer James Hensell and Special Agent Barry

Baldwin of the Drug Enforcement Administration (DEA) testified at

the evidentiary hearing.   The court finds each of them to be a

credible witness.

On July 17, 2006, Officer Hensell viewed the video recording at issue at the DEA Pittsburgh office along with three other DEA agents.  The tape played flawlessly.  He then sealed the recording in an evidence envelope and gave it to a DEA evidence custodian for storage.  On April 1, 2008, Officer Hensell removed the evidence envelope containing the recording from the DEA evidence locker and gave it to Special Agent Barry Baldwin for copying.

Special Agent Baldwin unsealed the evidence envelope, removed the recording, and placed it into a duplicating machine. He began the duplication process, saw approximately less than two minutes of the recording, and then the recording went blank.  He attempted to watch the recording on the original recording device and again was unable to view the video.  He knows of no way to recover the recording and has no equipment to recover the recording.

The government's attorney proffered, which we have no reason to disbelieve, that Officer Hensell called the DEA laboratory in Dallas, Texas to ask how to recover the recording. He learned that there was no way of retrieving the video.

2

II. <u>Conclusions of Law</u>

Federal Rule of Evidence 1004(1) provides that "other evidence of the contents of a writing, recording, or photograph[1] is admissible if ... [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." Accordingly, here the government must prove that the original recording was lost or destroyed, but not in bad faith. <u>See</u> <u>Stocchi v. Kmart Corp.</u>, No. 96-4884, 1997 WL 611619, at *1 (E.D. Pa. Sept. 24, 1997) (citing <u>Remington Arms Co. v. Liberty Mut. Ins. Co.</u>, 810 F.Supp. 1420, 1426 (D. Del. 1992)).

While we are troubled by the government's failure to take any steps to determine forensically how the video tape was destroyed, we find that there is no evidence that the government destroyed the tape in bad faith. Accordingly, we hold that the government met its burden under Rule 1004(1).

That does not, however, end our inquiry. Rule 403 provides that otherwise admissible evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. The court of appeals has held that this court is "in the best position to

---

[1]

Pursuant to Federal Rule of Evidence 1001, a video tape is a "photograph" as used in Federal Rule of Evidence 1004.

assess the extent of the prejudice caused a party" and that, therefore, "the trial judge must be given very substantial discretion in balancing probative value on the one hand and unfair prejudice on the other." U.S. v. Universal Rehab. Services (PA), Inc., 205 F.3d 657, 665 (3d Cir. 2000)(internal citations and quotations omitted).

Here, the government intends to offer the testimony of four (4) DEA agents. The agents are to testify as to what they remember seeing on the approximately one hour long video recording. The only time they viewed it was over three years ago, on July 17, 2006. None of the agents took contemporaneous notes that could qualify as present sense impressions of the video tape, or even be used to refresh their recollections. Nor did the agents otherwise record their recollections regarding the content of the video recording while it was fresh in their memories. Instead, they intend to testify now regarding what they remember seeing on the recording when they watched it once, three years ago.

The proffered testimony is substantially outweighed by the danger of unfair prejudice to defendant. Specifically, it will be extremely difficult for defendant's counsel to cross-examine these witnesses as to the accuracy of their recollection given that counsel has not viewed the video and does not have any other objective account of the content of the tape with which to compare. Further, the jury may be left with the improper impression that the

4

DEA agents were eyewitnesses to the alleged crime, as opposed to merely being present when the video tape was viewed.

Finally, the proffered evidence is cumulative. Specifically, the government has other first hand, original evidence of the alleged crime: the government has an audio tape of the telephone conversation between the confidential informant and defendant arranging the purchase purportedly depicted on the corrupted video tape; the government has an audio recording of the alleged illegal transaction; and the identity of the confidential informant is no longer confidential, allowing the government to call the informant to testify at trial if it so chooses.

On balance, the probative value of the proffered testimony is substantially outweighed by the danger of unfair prejudice, misleading the jury, and by considerations of undue delay, waste of time, and needless presentation of cumulative evidence.   Therefore, we will exclude the testimony of the DEA agents regarding the contents of the recording pursuant to Federal Rule of Evidence 403.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          )
                                   )
        v.                         )    Criminal No. 08-0098
                                   )
JEROME BROWN,                      )
            Defendant.             )

<u>ORDER</u>

        AND NOW, this **29**<sup>th</sup> day of July, 2009, IT IS HEREBY

ORDERED THAT defendant's motion <u>in</u> <u>limine</u> [doc. no. 73] is GRANTED.

IT IS FURTHER ORDERED THAT the government's motion <u>in</u> <u>limine</u> [doc.

no. 61] is DENIED

                                   BY THE COURT:

                                   _____, J.


cc:  All Counsel of Record