IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-98 |
| | ) | ELECTRONICALLY FILED |
| JEROME BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

Order of Court

On August 5, 2009, a jury returned a verdict of guilty on a one-count indictment, charging Defendant with distribution of fifty (50) grams or more of cocaine base, in violation of Title 21 United States Code §§ 841(a)(1) and (b)(1)(A)(iii). On January 15, 2009, the late Honorable Chief Judge Gary L. Lancaster sentenced Defendant to 240 months' imprisonment thereon. Then, on January 20, 2017, a grant of clemency issued, commuting Defendant's sentence to 180 months' imprisonment.

Defendant has now filed a *pro se* Motion to Correct Sentence "Pursuant to Federal Rules of Criminal Procedure Rule 3582" (under 18 U.S.C. § 3582), seeking credit for time served under federal detainer, which allegedly began on March 24, 2008, rather than the date Defendant claims the Bureau of Prisons ("BOP") calculated his sentence from, February 23, 2010. Incidentally, the Court notes that the exhibit attached to Defendant's current Motion does not provide evidence of Defendant's contention in this regard. Doc. 146-1.

The BOP has the exclusive responsibility for calculating federal terms of imprisonment.

1

*See United States v. Wilson*, 503 U.S. 329 (1992). If a prisoner wishes to challenge the calculation of a sentence, he or she may do so by filing a Petition for Writ of Habeas Corpus in the United States District Court that has personal jurisdiction over his immediate custodian, in this case, the United States District Court for the Northern District of Ohio. *See Rumsfeld v. Padilla,* 542 U.S. 426 (2004). The Court will construe this Motion as a Petition for Habeas Corpus Relief under 28 U.S.C. § 2241.[1]

In *United States v. Grimes,* 641 F.2d 96, 99 (3d Cir. 1981), the United States Court of Appeals for the Third Circuit held that a motion that "is a challenge to the sentence as executed by the prison and parole authorities should be made on a petition for writ of habeas corpus, 28 U.S.C. § 2241." *See also United States v. Figueroa*, 349 Fed. Appx. 727, 729 (3d Cir. 2009) ("Because Figueroa essentially challenged the manner in which his sentence was executed and not the validity of the sentence itself, he clearly sought relief that is available exclusively under 28 U.S.C. § 2241.").

Because there is no indication that defendant has exhausted his administrative remedies within the BOP, as is required when challenging the calculation of a defendant's release date, *Broadie v. Warden,* 2009 WL 3415163 (D.N.J. October 21, 2009), the Court will deny Defendant's Motion (doc. 146) without prejudice. *See also Bradshaw v. Carlson,* 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies"). Prior to seeking judicial relief, inmates

---

1 The Court notes that Defendant has previously filed a Petition for Writ of Habeas Corpus on May 30, 2012. Doc. 126. The Motion before the Court could be construed as a second habeas Petition, and therefore subject to the prohibition of second and successive motions. 28 U.S.C. § 2244(a). However, as a result of the commutation of Defendant's sentence, the Court will not treat the Motion as Second Successive Habeas Petition arising out of said commutation.

are required to exhaust the administrative remedy process provided by the Administrative Remedy Program of the Bureau of Prisons. Attached for the information and guidance of Defendant is a copy of the Administrative Remedy Program.

Defendant's Motion ([doc. 146](doc. 146)) is DENIED without prejudice. Because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

**SO ORDERED** this 20th day of June, 2017.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record

Jerome Brown
Federal Registration NO. 09926-068
Federal Correctional Institution-Elkton
P.O. Box 10
Lisbon, OH 44432